UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LASHAWN D. FITCH, : | |
| : | Case No. 3:20-cv-18570 (BRM) (DEA) |
| Plaintiff, : | |
| : | |
| v. : | **MEMORANDUM AND ORDER** |
| : | |
| JOEL BERNHARD, et al., : | |
| : | |
| Defendants. : | |

**THIS MATTER** is opened to the Court by *pro se* Plaintiff Lashawn D. Fitch ("Plaintiff"), a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, upon the filing of a civil rights complaint, filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and a third application to proceed *in forma pauperis*. (ECF No. 10.) Based on his affidavit of indigence (ECF No. 10-1), the Court grants him leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Complaint.

Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if the claim fails to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

The Court has screened the Complaint in this action for dismissal and has determined it shall proceed. However, Plaintiff's Eighth Amendment claims against the New Jersey Department of Corrections and New Jersey State Prison are dismissed with prejudice as they are not "persons" within the meaning of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) ("We hold that neither a State nor its officials acting in their official

capacities are 'persons' under § 1983"); *see also Indep. Enters. Inc. v. Pittsburgh Water & Sewer Auth.*, 103 F.3d 1165 (3d Cir. 1997) (a political subdivision of the state is not a "person" within the meaning of § 1983 if it is effectively an "arm of the State" for Eleventh Amendment purposes). Additionally, Plaintiff's claims against Marcus Hicks are also dismissed without prejudice because supervisors are generally not vicariously liable for their subordinates' acts. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (liability in a civil rights action cannot be based on respondeat superior alone, and defendants in such actions must be alleged to have had personal involvement in the wrongs complained of). Plaintiff's claims against Carol Milroy and S. Akers are dismissed without prejudice for failure to allege specific facts to suggest their personal involvement in Plaintiff's medical treatment.[1] *See Rode*, 845 F.2d at 1207 ("A defendant in a civil rights action must have personal involvement in the alleged wrongs."). Plaintiff's claims against Joel Bernhard, Jeffery Hirshberg, Samual Lopez, and Harold Mapes shall proceed.

Accordingly, and for good cause appearing,

**IT IS** on this 9th day of June 2021,

**ORDERED** that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 10) is **GRANTED**; and it is further

**ORDERED** that the Complaint shall be filed; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General for the

---

[1] Plaintiff fails to mention Defendant Milroy throughout the entirety of the Complaint other then to list her as a defendant. Plaintiff alleges Defendant Akers is assigned to the grievance kiosk but fails to allege sufficient facts to plead Defendant Akers involvement in the Eighth Amendment deliberate indifference claim.

2

State of New Jersey and the warden of New Jersey State Prison in Trenton, New Jersey; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its sua sponte screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case a court has mandated a deduction under the PLRA; i.e., Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce,* until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** Plaintiff's claims against New Jersey Department of Corrections and New Jersey State Prison are **DISMISSED WITH PREJUDICE**; Plaintiff's claims against Marcus

Hicks, Carol Milroy and S. Akers **DISMISSED WITHOUT PREJUDICE**; all other claims shall **PROCEED** at this time; to the extent Plaintiff wishes to file an amended complaint to address the deficiencies identified herein, he may seek leave to do so through a properly filed motion which complies with all federal and local rules; and it is further

**ORDERED** the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing United States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

**ORDERED** Plaintiff shall complete the form for each Defendant and return them to the Clerk of Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608; and it is further

**ORDERED** upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshall shall serve a copy of the complaint (ECF No. 1), summons, and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of services advanced by the United States; and it is further

**ORDERED** that Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Order via regular mail.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE